47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Damion SANDERS, Defendant-Appellant.
 No. 94-30239.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 24, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Damion Sanders appeals his conviction and the 87-month sentence imposed following his conditional plea of guilty to armed bank robbery and carjacking in violation of 18 U.S.C. Secs. 2113(a), (d), and 2119. Sanders claims the district court erred, first, by concluding that probable cause supported his arrest and, second, by increasing his base offense level for restraining a victim pursuant to U.S.S.G. Sec. 2B3.1(b)(4)(B). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 Facts
 
 3
 Sanders and a codefendant, both dressed in face masks and black jumpsuits, entered a Portland bank and, with guns drawn, ordered everyone to lie on the floor. Sanders took the bank manager by the elbow and walked her to the vault, which he ordered her to open. He loaded a paper sack with money in which was hidden an electronic tracking device, and fled with his codefendant. Across the street from the bank, the two took a car at gunpoint.
 
 
 4
 Within five minutes of the robbery, police broadcast a description of one of the robbers as male, black, in his twenties, five-foot ten, 170-180 pounds, and wearing red canvas Converse Allstars tennis shoes. Less than thirty minutes after the robbery, police who had followed the signals emitted by the tracking device saw Sanders walking down the street within a block of where the signals were strongest. He was underdressed for the weather and he was wearing red Converse tennis shoes. Police converged with guns drawn and arrested him. At sentencing, the district court ruled that Sanders' holding the manager's elbow en route to the bank vault amounted to the "physical restraint" of a victim, warranting an enhancement under U.S.S.G. Sec. 2B3.1(b)(4)(B).
 
 Probable Cause
 
 5
 Sanders contends the police lacked probable cause to arrest him. We disagree.
 
 
 6
 We review de novo a district court's finding of probable cause. United States v. Del Vizo, 918 F.2d 821, 825, n. 6 (9th Cir.1990) (citing United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1295 (9th Cir.1988)). "Probable cause exists when the police know 'reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense.' " Del Vizo, 918 F.2d at 825 (quoting Delgadillo-Velasquez, 856 F.2d at 1296).
 
 
 7
 Here, within thirty minutes of the crime, police saw Sanders, who met the description of one of the suspects, in the immediate vicinity of the tracking device stolen from the bank. These facts were sufficient to warrant the police in believing that he had committed the robbery. See Del Vizo, 918 F.2d at 825.
 
 Restraint
 
 8
 Sanders contends the district court should not have enhanced his sentence because he did not "physically restrain" the bank manager within the meaning of U.S.S.G. 1B1.1. We disagree.
 
 
 9
 We review de novo a district court's interpretation of the Sentencing Guidelines. United States v. Foppe, 993 F.2d 1444, 1452 (9th Cir.1993). The Application Notes to the Guidelines define "physically restrained" as "the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. Sec. 1B1.1, comment. n. 1(i). We have upheld the application of this enhancement to a case in which the defendant "confronted an elderly female customer [who was seated] ..., grabbed her around the neck ...[,] shoved a hard object into her back, ... kicked the chair out from underneath her and dragged her by the neck toward a gate that led to the teller station." See id.
 
 
 10
 Here, according to the presentence report, Sanders "grabbed the branch manager's arm[,] ... instructed her to enter the vault ... [and] forced [her] by the arm to accompany [him] in that direction." In light of Foppe, we hold that this conduct constituted restraint within the meaning of the Guidelines. See id. Accordingly, we affirm.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3